UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRANCESCO BITTICHESU,

               Plaintiff,

  -against-

LUCIA LIGHTING AND DESIGN, INC.,

               Defendant.
---------------------------------------------------------X

REPORT AND RECOMMENDATION

2:20 CV 1612 (PKC)(RML)

LEVY, United States Magistrate Judge:

       By order dated November 17, 2020, the Honorable Pamela K. Chen, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons explained below, I respectfully recommend that plaintiff's motion be granted.

### BACKGROUND AND FACTS

       On March 30, 2020, plaintiff Francesco Bittichesu ("plaintiff") commenced this copyright infringement action against defendant Lucia Lighting and Design, Inc. ("defendant") as a result of defendant's alleged unauthorized reproduction and public display of a copyrighted photograph owned and registered by plaintiff. (Complaint, dated Mar. 30, 2020 ("Compl."), Dkt. No. 1, ¶ 1.) Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (Affidavit of Service of James Barina, sworn to Apr. 6, 2020, Dkt. No. 7.) Despite proper service, defendant has not appeared or otherwise defended this action. On October 6, 2020, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (See Request for Certificate of Default, dated Oct. 6, 2020, Dkt. No. 8.) On October 9, 2020, the Clerk of the Court noted defendant's default. (Entry of Default, Dkt. No.

1

9.)  Plaintiff filed the present motion for default judgment on December 8, 2020.  (Motion for Default Judgment, dated Dec. 8, 2020, Dkt. No. 10.)  On January 11, 2021, Judge Chen referred plaintiff's motion to me for a report and recommendation.  (Order Referring Motion for Default Judgment, dated Jan. 11, 2021.)

Plaintiff is a professional photographer who licenses his photographs for a fee, with a principal place of business in New York.  (Compl. ¶ 5.)  Defendant is a domestic corporation that transacts business in New York but is duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Lynn, Massachusetts.  (Id. ¶¶ 3, 6.)  Defendant owns and operates the website www.LuciaLighting.com (the "Website").  (Id. ¶ 6.)  Plaintiff asserts that he photographed, is the author of, and has at all times been the sole owner of all right, title, and interest, including the copyright to, a photograph of a bathroom at the T Hotel in Cagliari, Italy (the "Photograph").  (Id. ¶¶ 7-8.)  Plaintiff asserts that the Photograph was registered with the United States Copyright Office and was given Copyright Registration Number VA 2-190-396.  (Id. ¶ 9.)

Plaintiff alleges that defendant ran the Photograph on the Website without licensing or obtaining permission or consent from plaintiff.  (Id. ¶¶ 10-11.)  Plaintiff has submitted a copy of the Photograph and a screenshot of the Photograph on the Website.  (See id., Exs. A, B.)  Plaintiff requests $1,025 in actual damages under 17 U.S.C. § 504(b) and $440 in costs under Fed. R. Civ. P. 54(d)(1).  (Declaration of Richard Liebowitz, Esq., dated Dec. 8, 2020 ("Liebowitz Decl."), Dkt. No. 11, ¶¶ 14-15.)

## DISCUSSION

**I.    STANDARD OF REVIEW**

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, but not those pertaining to damages.  See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action.  See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007).  The court must draw all reasonable inferences in plaintiff's favor and should grant default judgment only if plaintiff's factual allegations, accepted as true, "establish [defendant's] liability as a matter of law."  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

**II.    LIABILITY**

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see also Yamashita v. Scholastic Inc., 936 F.3d 98, 104 (2d Cir. 2019).  The first element of a copyright infringement claim can be satisfied "by the introduction into evidence of a Copyright Office certificate of registration."  Sheldon v. Plot Commerce, No. 15 CV 5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016) (internal quotation marks and citation omitted), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016).  In the Second Circuit, "a certificate of copyright registration is a prerequisite to asserting a civil copyright infringement

3

claim." Sohm v. Scholastic Inc., 959 F.3d 39, 52-53 (2d Cir. 2020) (citing 17 U.S.C. § 411(a)). When introduced, a certificate of registration may serve as "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." Sheldon, 2016 WL 5107072, at *10 (internal quotation marks and citation omitted); see also 17 U.S.C. § 410(c). After the presentation of such a certificate, the burden of proof shifts to the defendant to prove the invalidity of the plaintiff's copyright; however, "in the context of a default judgment, a timely certificate is sufficient to establish validity." Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17 CV 5721, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) (citations omitted), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

In this case, plaintiff did not submit a Copyright Office certificate of registration for the Photograph, even though his attorney erroneously indicated in his declaration that he had attached the certificate as an exhibit. (See Liebowitz Decl. ¶ 6.) However, plaintiff did identify a copyright registration number for the Photograph in his Complaint (see Compl. ¶ 9), and a search of the Copyright Public Records System confirms that the number is valid. This presents the question of whether a plaintiff may prove ownership of a valid copyright by merely noting a copyright registration number in his or her filings.

The law emphasizes that actual registration is a prerequisite to asserting a copyright infringement claim. See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 888 (2019); Sohm, 959 F.3d at 52-53; Wolo Mfg. Corp. v. ABC Corp., 349 F. Supp. 3d 176, 201 (E.D.N.Y. 2018). For this reason, courts in this circuit have rejected copyright infringement claims premised on a mere application for a copyright. See, e.g., Pablo Chavez v. British Broad. Corp., No. 17 CV 9572, 2019 WL 2250446, at *3 (S.D.N.Y. May 23, 2019). But this court's

4

research has uncovered no case denying relief solely because a plaintiff failed to introduce a certificate of registration into evidence.

Here, despite plaintiff's failure to file a certificate with his motion papers, by providing a valid registration number, he has demonstrated that a copyright for the Photograph is registered. (See Liebowitz Decl. ¶ 6.) Therefore, the first element is satisfied. However, plaintiff is directed to file the certificate of registration for the Photograph within ten (10) days of the date of this report and recommendation, and my recommendations are contingent on plaintiff's compliance with this directive. Plaintiff bears the burden of confirming ownership of a valid copyright, not the court. And the burden of filing a certificate of registration is minimal.[1]

As for the second element of a copyright infringement claim, the "[p]laintiff must meet a 'minimal' burden to show that the Photograph is his [or her] original work and allege a violation of his [or her] exclusive rights under § 106." Pasatieri v. Starline Prods., Inc., No. 18 CV 4688, 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (quoting Sheldon, 2016 WL 5107072, at *11). In the context of copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Feist Publ'ns, 499 U.S. at 345. "[T]he requisite level of creativity is extremely low" and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." Id. (internal quotation marks omitted). "For photographs, originality may be founded

---

[1] I also note that this requirement will reinforce the sanctions imposed on plaintiff's counsel by Judge Furman of the United States District Court for the Southern District of New York, even though counsel's actions in this case are exempt from those sanctions based on the date the complaint was filed. See Usherson v. Bandshell Artist Mgmt., No. 19 CV 6368, 2020 WL 7028566, at *3, (S.D.N.Y. Nov. 30, 2020) (requiring Mr. Liebowitz to submit as an "exhibit a copy of the deposit files maintained by the U.S. Copyright Office reflecting prior registration of the relevant copyrighted work or works at issue" to any complaint for copyright infringement filed between November 30, 2020 and June 26, 2021).

upon . . . [their] subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." Pasatieri, 2020 WL 207352, at *2 (citation and quotation marks omitted).

Plaintiff has alleged that defendant violated his exclusive rights under §§ 106 and 501 by reproducing and publicly displaying the Photograph on defendant's Website. (Compl. ¶¶ 13-14); see also Korzeniewski, 2019 WL 312149, at *6 (finding that plaintiff's allegation that defendant reproduced and displayed plaintiff's image without plaintiff's consent was enough to establish that defendant violated plaintiff's exclusive rights in the image). Moreover, the originality of the Photograph can be inferred from plaintiff's claim that he is the Photograph's author (Compl. ¶ 8). See id. (finding that plaintiff's allegation that he was the sole creator of the "original and unique" image was sufficient to establish originality). Given the minimal burden required to establish infringement of original work, I find that plaintiff has also established the second element of a copyright infringement claim.

### III. DAMAGES

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation." John Hancock Life Ins. Co. v. Perchikov, No. 04 CV 98, 2010 WL 185007, at *3 (E.D.N.Y. Jan. 15, 2010) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Where, as here, the defendants have never appeared, "the Court's determination [of damages] is based solely on plaintiff's submissions." Gilbert v. Hotline Delivery, No. 00 CV 160, 2001 WL 799576, at *2 (S.D.N.Y. July 10, 2001). "As long as there is a sufficient basis from which to evaluate the fairness of the sum awarded, a court may rely upon detailed affidavits

and documentary evidence to determine damages." In re Crazy Eddie Secs. Litig., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1996) (citation and quotation marks omitted).

Under the Copyright Act, a copyright infringer is liable for either actual damages and any additional profits or statutory damages. 17 U.S.C. § 504(a). In this case, plaintiff has elected to recover actual damages, but not profits, because such profits are unknown. (Liebowitz Decl. ¶¶ 14-20.)

A. Actual Damages

"The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." Sheldon, 2016 WL 5107072, at *14 (citation omitted). Because it can be "unreasonable to expect plaintiff's [sic] to be able to calculate the actual damages they have suffered – particularly in default cases," id., "[c]ourts have adopted a wide range of methods by which to measure actual damages in copyright infringement actions, including the award of lost licensing fees. . . ." Antenna Tel. v. Aegean Video Inc., No. 95 CV 2328, 1996 WL 298252, at *1 (E.D.N.Y. Apr. 23, 1996) (citations omitted). To be awarded actual damages based on lost licensing fees, it is not sufficient to merely show the amount the copyright owner "would have charged." On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001). Plaintiff's "claim for actual damages must also be *reasonable* according to typical market values." Pasatieri, 2020 WL 207352, at *4 (internal quotations and citations omitted) (emphasis in original). The amount of claimed damages must be based on fact, not "undue speculation." On Davis, 246 F.3d at 163 (internal quotation and citation omitted). In other words, there must be "some reasonable basis for [the] computation" even if "the calculation [of actual damages] may only be approximate." Renna v. Queens Ledger/Greenpoint Star Inc., No. 17 CV 3378, 2019 WL 1061259, at *4

7

(E.D.N.Y. Feb. 13, 2019) (internal quotation and citation omitted), report and recommendation adopted, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).  Requiring plaintiffs to establish a reasonable basis serves the purpose of protecting defendants – even those in default – against "unrealistically exaggerated claim[s]."  On Davis, 246 F.3d at 166.

Here, plaintiff seeks $1,025 in actual damages for lost licensing fees.  (Liebowitz Decl. ¶¶ 14, 16-17.)  To establish a reasonable basis for this sum, plaintiff submits a quote for a three-year license of a comparable photograph offered by Getty Images, Inc.  (Id. ¶ 18, Ex. D.)  The Getty image is similar to the Photograph in three key aspects:  the subject of both images is a hotel bathroom, they are both sized at 1/2 of a webpage, and they are placed on secondary webpages.  (Id., Ex. D; Compl., Ex. B.)

However, plaintiff has neither explained nor provided evidence demonstrating why the price of a three-year license should serve as the benchmark for actual damages here.  Significantly, plaintiff did not submit any evidence of his prior licensing agreements for any photographs, much less the Photograph itself, to establish a reasonable duration for a license of an image.  See Pasatieri, 2020 WL 207352, at *4 (describing an actual damages estimate as "undue speculation" in the absence of "documentary evidence—such as invoices for Plaintiff's past licensing fees.").  Further, plaintiff has not referenced his own professional website from which he displays and licenses his photographs.  See Cuffaro v. Fashionisto LLC, No. 19 CV 7265, 2020 WL 5077449, at *4 (S.D.N.Y. July 9, 2020) (finding that evidence of plaintiff's professional website and a comparable Getty Images quote together established a reasonable basis for calculating actual damages); Romanowicz v. Alister & Paine, Inc., No. 17 CV 8937,

2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018) (same).  This is especially curious given that plaintiff "is in the business of licensing his photographs for a fee."[2]  (Compl. ¶ 5.)

Without explaining why a three-year license approximates plaintiff's actual damages, basing an actual damages award on that duration amounts to undue speculation because the court has no assurance that the figure is not unrealistically exaggerated.  Indeed, where this court has granted relief in the form of actual damages for copyright infringement of photographs, it has found a reasonable basis in evidence of the plaintiff's prior licenses.  See, e.g., Sheldon, 2016 WL 5107072, at *14-15 (selecting one of numerous prior licensing agreements submitted by plaintiff as a basis for calculating actual damages because it "best encompass[ed]" the defendant's infringing use based on the agreement's specifications); see also Mango v. Northside Media Grp., LLC, No. 18 CV 5504, 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019), report and recommendation adopted, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019) (plaintiff submitted evidence of licensing fees for his photographs from 2005 to2018).

Nonetheless, the Getty Images licensing fee does provide a reasonable basis for calculating damages for a license of lesser duration because the image resembles the Photograph and its usage specifications mirror defendant's infringing use of the Photograph.  (See Compl., Ex. B; Liebowitz Decl. ¶ 18, Ex. D); see also Terry v. Masterpiece Advert. Design, 17 CV 8240, 2018 WL 3104091, at *4 (S.D.N.Y. June 21, 2018) (calculating damages by adjusting quoted Getty Images pricing and specifications to match defaulting defendant's infringing use).  Therefore, I respectfully recommend that plaintiff be awarded $342 in actual damages – the approximate value of a one-year license of the Photograph based on the Getty Images quote.

---

[2] Moreover, the court's research revealed a website under plaintiff's name that offers prints—but not licenses—for images, starting at $300.  See FRANCESCO BITTICHESU, https://francescobittichesu.bigcartel.com/ (last visited June 11, 2021).

9

(See Liebowitz Decl. ¶ 18, Ex. D.)  This aligns with the decision in Mango to award the minimum licensing fee established by plaintiff in the absence of evidence of actual damages beyond that amount.[3]  Mango, 2019 WL 4262018, at *2.  See also Sheldon, 2016 WL 5107072, at *15 (denying recovery in excess of comparable licensing agreement because plaintiff did not demonstrate why defendant's infringing use justified excess recovery).

   B.  Costs

Plaintiff also seeks $440 in costs, which consists of the court's $400 filing fee and $40 for service of process.  (See Liebowitz Decl. ¶ 21.)  The Copyright Act grants courts discretion to award costs.  17 U.S.C. § 505.  "Courts typically award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients.'"  LG Cap. Funding, LLC v. Solar Energy Initiatives, Inc., No. 19 CV 907, 2019 WL 7630792, at *6 (E.D.N.Y. Nov. 1, 2019), report and recommendation adopted, 2020 WL 364078 (E.D.N.Y. Jan. 22, 2020) (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)); see also LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).  "The fee applicant bears the burden of adequately documenting and itemizing the costs requested."  LG Cap. Funding, LLC, 2019 WL 7630792 at *6 (quoting Pennacchio v. Powers, No. 05 CV 985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).  Because plaintiff's requested costs are itemized and account for out-of-pocket expenses incurred to further this litigation, they are reasonable and justified.  See LG Cap. Funding, LLC v. MineralRite Corp., No. 16 CV 6158,

---

[3] That this award falls short of the minimum amount provided for statutory damages under the Copyright Act does not undermine its validity as there is no fixed minimum for an actual damages award.  See 17 U.S.C. §§ 504(b)-(c).  Here, plaintiff only requested actual damages, despite having the option to seek statutory damages in the alternative.  (Compl. ¶ 16; Liebowitz Decl. ¶ 14); see Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1380 (2d Cir. 1993) (holding that copyright owners may alternatively plead for actual and statutory damages but must select one remedy or the other prior to final judgment).

2017 WL 9250297, at *16 (E.D.N.Y. Dec. 1, 2017) (collecting cases).  I therefore recommend that plaintiff be awarded $440 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted and that plaintiff be awarded $342 in actual damages and $440 in costs under the Copyright Act, totaling $782, contingent upon plaintiff filing a certificate of registration for the asserted copyright within ten (10) days of the date of this Report and Recommendation.  Plaintiff is also directed to serve a copy of this Report and Recommendation on defendant by first-class mail, and to file proof of service with the court.  Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days.  Failure to file objections within the specified time may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       June 28, 2021